## MALPASS v. GEORGIA LOAN & TRUST COMPANY.

A claim case is terminated by the withdrawal of the claim. Consequently where it appears from the bill of exceptions in such a case that the claim was withdrawn in the court below, the writ of error will be dismissed.

Submitted June 6, — Decided July 22, 1899.

Practice in the Supreme Court.

R. D. Smith, for plaintiff in error. ·

FISH, J.　An execution founded upon a judgment in favor of the Georgia Loan & Trust Co., against Cora B. Riviere, was levied upon certain land which was claimed by Mattie C. Malpass.　At the first term of the court after the interposition of the claim the case was continued, the claimant stipulating not to withdraw the claim.　When the case came on for trial at the next term of the court, counsel for the claimant moved for a continuance.　The court overruled this motion, and, by consent of counsel for the plaintiff in fi. fa., the claim was then withdrawn.　Thereupon "judgment was rendered finding the property subject and ordering the fi. fa. to proceed."　In the claimant's bill of exceptions it is alleged that "The court erred in overruling and refusing said motion to continue said case and ordering the same to proceed to trial."

When a claim is withdrawn, both the claim and the claimant go out of court, and there is no case left in the court.　Consequently there is no case to be brought by a writ of error to this court.　Suppose this court were to pass upon the question made in this bill of exceptions and were to reverse the court below, upon the ground that the motion to continue should have been sustained, what would be the result?　When the remittitur reached the court below and the judgment of this court was made the judgment of that court, there would be no

case there to try. The case ended in the court below when the claim was withdrawn.

*Writ of error dismissed.    All the Justices concurring.*